IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JAMES B. LOYD                                                                           PLAINTIFF

v.                                                       CIVIL ACTION NO. 3:25-CV-208-SA-RP

ROCKET MORTGAGE, LLC and
RUBIN LUBLIN, LLC                                                      DEFENDANTS

## ORDER

On July 21, 2025, James B. Loyd, who is proceeding *pro se*, initiated this litigation by filing his Complaint [1] against Rocket Mortgage, LLC and Rubin Lublin, PLLC. The Defendants have jointly filed a Motion to Dismiss [7], which is now ripe for review.

*Relevant Background*

At the outset, the Court notes that Loyd's Complaint [1] is at times rather difficult to follow. He contends that he executed a promissory note and deed of trust in connection with his purchase of certain real properly located in Byhalia, Mississippi. According to Loyd, Rocket Mortgage loaned him money for the purchase and Rubin Lublin was named as substitute trustee on the deed of trust. He goes on to allege that the Defendants engaged in certain deceptive conduct:

> Plaintiff was not informed, either during closing or through post-closing disclosures, that he was in lawful possession of the fee simple estate, as acknowledged in the Borrower's Covenant. Instead, Plaintiff was misled by Defendants into executing instruments under the false pretense that Rocket Mortgage, LLC had risked its own capital and had standing as a lawful lender. In reality, the note was monetized and securitized, and Defendants concealed this process, failing to disclose that Plaintiff's own instrument generated the funds. Such conduct constitutes constructive fraud, unlawful inducement to convey an interest in real property, and a breach of fiduciary obligations under contract law and lending standards, thereby voiding the lien ab initio.

[1] at p. 4.

Essentially, Loyd seems to believe that his loan is void and that the subsequent efforts that the Defendants have made to enforce his payment obligation are unlawful. For instance, he alleges that he notified Rubin Lublin that any efforts to collect the debt or foreclose on his property without providing an accounting and/or validation (that he had previously requested) would run afoul of the Fair Debt Collection Practices Act and the Truth in Lending Act. Despite his alleged notification, Loyd claims that Rubin Lublin has not provided a response and "has taken actions or initiated notices of foreclosure in breach of its legal duties." *Id*. at p. 12.

In his Complaint [1], Loyd asserts a myriad of claims, including breach of fiduciary duty, wrongful dishonor of a negotiable instrument, violations of various federal statutes and regulations, conversion, and unjust enrichment, among others. Through the present Motion [7], the Defendants seek dismissal based upon Loyd's failure to properly and timely effectuate service of process.

*Analysis and Discussion*

The premise for the Defendants' request is straightforward—Loyd's service of process upon them did not comply with the applicable Rules of Civil Procedure.

Loyd has filed an Affidavit of Service Facts and USPS Evidence [12], wherein he explains his efforts to complete service of process. He states that, after filing his Complaint [1] on July 21, 2025, he "personally mailed, via United States Postal Service Priority Mail Express (Overnight)," a copy of the summons and Complaint [1] to both Defendants on October 15, 2025. [12] at p. 1. According to Loyd, Rocket Mortgage received delivery of the documents on October 17, 2025, and "Rubin Lublin's delivery was attempted on October 18, 2025 (a Saturday), rescheduled, and successfully completed on October 21, 2025. This delay was caused by USPS handling and occurred entirely outside of [his] control." *Id*. at p. 2. Notably, the address that Loyd utilized for

2

Rocket Mortgage is in Detroit, Michigan, and the address he utilized for Rubin Lublin is in Peachtree Corners, Georgia—thus, they are both out-of-state Defendants.

The Court begins with the applicable Rules for service of process. As to timing, Rule 4 of the Federal Rules of Civil Procedure sets a deadline of 90 days after the filing of a complaint for service of process to be completed. *See* FED. R. CIV. P. 4(m).

As to the manner of service, Rule 4(h) provides in pertinent part:

> (h) SERVING A CORPORATION, PARTNERSHIP, or ASSOCIATION. Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:
>
>> (1) in a judicial district of the United States:
>>
>>> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>>>
>>> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant[.]

FED. R. CIV. P. 4(h)(1).

As the quoted language makes clear, Rule 4(h)(1)(A) incorporates by reference Rule 4(e)(1), which permits service of process in any manner authorized by the law of the state where the district court is located. *See* FED. R. CIV. P. 4(e). Therefore, Mississippi Rule of Civil Procedure 4(c), which addresses service of process under Mississippi law, is relevant. In pertinent part, it provides:

> *(5) Service by Certified Mail on Person Outside State.* In addition to service by any other method provided by this rule, a summons may be served on a person outside this state by sending a copy of the summons and of the complaint to the person to be served by certified mail, return receipt requested. Where the defendant is a natural person, the envelope containing the summons and complaint

3

> shall be marked "restricted delivery." Service by this method shall be deemed complete as of the date of delivery as evidenced by the return receipt or by the returned envelope marked "Refused."

Miss. R. Civ. P. 4(c)(5).

One of the Advisory Committee Notes to Rule 4(c)(5) indicates that "[t]he Proof of Service must indicate the date on which the summons and complaint were mailed by first class-mail and must also include as an attachment the signed return receipt or the return envelope marked 'refused.'" Adv. Comm. Note, Miss. R. Civ. P. 4.

In the case at bar, Loyd's attempted service of process on the Defendants is deficient. As to Rubin Lublin, it was untimely, as service of process was not effectuated until more than 90 days after the Complaint [1] was filed. But even if service had been timely, it was otherwise flawed. The manner in which he attempted to serve the Defendants—via USPS overnight mail without providing a signed return receipt—does not comply with the requirement of Mississippi Rule of Civil Procedure 4(c)(5). Further, it appears that Loyd simply mailed the documentation to general addresses that he obtained for each of the Defendants. However, Federal Rule 4(h)(1) mandates that service on an unincorporated association (such as an LLC) must be completed by service on "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1). Loyd did not comport with this requirement.

In sum, Loyd has not properly effectuated service of process on either Defendant. Although noting Loyd's shortcomings in this regard, the Court is also cognizant of his *pro se* status. The Court has on numerous occasions expressed that *pro se* litigants should be extended some leniency; however, a litigant's *pro se* status does not negate the duty to comply with general rules of litigation. *See*, *e.g.*, *Amos v. Cain*, 2022 WL 610344, at *3 (N.D. Miss. Mar. 1, 2022) ("This Court

4

is cognizant that leniency should be extended to *pro se* litigants . . . However, the Court cannot excuse the *Pro Se* Plaintiffs' failure to comply with the most fundamental requests[.]"); *Calhoun v. Hargrove*, 312 F.3d 730, 733-34 (5th Cir. 2002) (quoting *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)) ("It is well-established that '*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.'").

Balancing those interests, the Court finds it appropriate to provide Loyd a limited amount of time to properly complete service of process. *See* FED. R. CIV. P. 4(m) (explaining that, if service of process is not perfected within 90 days, the court must dismiss the action *unless the plaintiff shows good cause for the failure to do so*). The Court hereby grants Loyd 30 days from today's date to complete service of process on the Defendants.

Setting aside the service of process issue, the Court, on its own initiative, turns to the assertions in the Complaint [1]. As noted previously, the factual allegations are confusing and difficult to follow. The Complaint [1] is 27 substantive pages and appears to be based upon Loyd's belief that his obligation to repay his mortgage loan was somehow nullified by the Defendants' conduct, yet the theory as to how he reached that conclusion is anything but clear. He then goes on to challenge the collection efforts in which the Defendants have engaged. The Court need not walk through each of his allegations. But suffice it to say, the Complaint [1] does not contain "a short and plain statement of the claim showing that the pleader is entitled to relief[,]" as required by the Federal Rules of Civil Procedure. FED. R. CIV. P. 8(a)(2). However, considering the circumstances of the case, the Court finds it appropriate to grant Loyd *one* opportunity to amend his complaint to provide a more definite statement.

Despite the Defendants having not requested a more definite statement, the Court has authority to order the same *sua sponte*. *See*, *e.g.*, *Ricklin-Voronstova v. Crider*, 2023 WL

5

10147453, at *1 (S.D. Miss. July 13, 2023) ("[A] district court can *sua sponte* order a plaintiff to submit a more definite statement when allegations are confusing, somewhat contradictory, and sufficiently unclear.") (citations and internal quotation marks omitted). The Court finds it appropriate to do so here, as the allegations of the Complaint [1] are so deficient that, even if service of process had already been properly effectuated, the Defendants would not be able to adequately respond to the allegations. Loyd shall file an amended complaint prior to properly effectuating service of process within the timeline set forth herein.

*Conclusion*

As noted previously, Loyd is hereby ORDERED the file an amended complaint that contains a short and plain statement showing that he is entitled to relief. He must also properly effectuate service of process as required by the applicable Rules of Civil Procedure. He must accomplish these things no later than December 29, 2025. Should Loyd fail to do so and provide proof of the same on the docket on or before December 29, 2025, the Court will dismiss this case *without further notice*.

In light of the Court's directives, the Defendants' Motion to Dismiss [7] and Loyd's Motion to Extend Time [9] are hereby TERMINATED as active Motions on the docket.[1]

SO ORDERED, this the 25th day of November, 2025.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE

---

[1] Loyd's Motion to Disqualify [11] lacks factual support as filed and is DENIED.

6