IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION


JAMES B. LOYD                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 3:25-CV-208-SA-RP

ROCKET MORTGAGE, LLC and
RUBIN LUBLIN, LLC                                                        DEFENDANTS

ORDER OF DISMISSAL

On December 8, 2025, James B. Loyd, who is proceeding *pro se*, filed his Amended Complaint [27] against Rocket Mortgage, LLC and Rubin Lublin, PLLC. The Defendants have jointly filed a Motion to Dismiss [32]. Loyd has not responded in opposition, but his time to do so has long passed. *See* L.U. Civ. R. 7(b)(4). The Court is prepared to rule.

*Relevant Background*

Loyd filed his Amended Complaint [27] after the Court issued an Order [19] noting multiple deficiencies in his original Complaint [1] and *sua sponte* directing him to provide a more definite statement. In that Order [19], the Court also noted that Loyd had not properly effectuated service of process on the Defendants. Ultimately, the Court provided Loyd a deadline of December 29, 2025, to both provide a more definite statement and complete service of process.

The Amended Complaint [27] followed. Although the Amended Complaint [27] is not as lengthy as Loyd's original Complaint [1], it contains many of the same allegations. He contends that he executed a promissory note and deed of trust in connection with his purchase of certain real property located in Byhalia, Mississippi. He alleges that the note and deed of trust were executed "in favor of Rocket Mortgage, LLC, with MERS named as nominee" and that subsequently "the promissory note was sold or transferred in a REMIC trust and is no longer held by Rocket

Mortgage." [27] at p. 2. He goes on to allege that "[o]n Febraury 18, 2025, MERS executed and recorded an 'Assignment of Deed of Trust' purporting to assign the deed of trust to Rocket Mortgage." *Id*. He then contends that MERS "lacked capacity to assign the deed of trust in the absence of authority from the noteholder." *Id*. at p. 3. Rubin Lublin, PLLC was later substituted as trustee to initiate foreclosure proceedings on the property, presumably after Loyd defaulted on the loan. Loyd apparently claims that Rubin Lublin, PLLC lacked authority to initiate and complete the foreclosure because the substitution of it as trustee was void.

Loyd asserts numerous causes of action, including quiet title, wrongful foreclosure, unjust enrichment, and breach of fiduciary duty, among others. Arguing in favor of dismissal, the Defendants contend that Loyd still has not properly completed service of process and that, even if he had done so, the Amended Complaint [27] fails to state a claim for which relief can be granted.[1]

*Analysis and Discussion*

Although Loyd has not responded to the Defendants' Motion to Dismiss [32], the Court cannot grant it as unopposed since it is potentially dispositive. *See* L. U. Civ. R. 7(b)(3)(E).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*., 129 S. Ct. 1937.

Ultimately, the district court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *In re*

---

[1] The Court also notes that it entered a separate Order [28] striking two of Loyd's filings because they contained fabricated citations.

*McCoy*, 666 F.3d 924, 926 (5th Cir. 2012) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010)). Therefore, the reviewing court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232-33 (5th Cir. 2009). Still, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft*, 556 U.S. at 678, 129 S. Ct. 1937.

As noted previously, the Court directed Loyd to file an amended complaint setting forth a more definite statement. *See* [19]. He filed an Amended Complaint [27]; however, it contains largely the same nonsensical allegations. He contends that his mortgage note was improperly assigned and that a subsequent foreclosure was improper. The crux of his lawsuit seems to be that the invalid assignment somehow voided his obligation to make his mortgage payments, resulting in the subsequent foreclosure being invalid.

This lawsuit is baseless, and the Amended Complaint [27] fails to state a valid claim upon which relief can be granted. The Court agrees with the Defendants' framing of the issue—that is, a "frivolous attempt by the Plaintiff to absolve himself of his failure to pay the Note." [33] at p. 11-12. The Amended Complaint [27] contains no discernable allegations that the Defendants lacked authority to enforce the note and/or deed of trust. As the Defendants emphasized, courts have routinely rejected the "show me the note" theory that Loyd seems to assert here. *See, e.g.*, *Taylor v. Ocwen Loan Serv., LLC*, 2014 WL 280399, at *5 n. 3 (N.D. Miss. Jan. 24, 2014) (citation and quotation marks omitted).

Furthermore, the Amended Complaint [27] includes a myriad of claims without any link between the factual allegations and the causes of action. This too is improper. *See Michael v. Boutwell*, 2015 WL 728516, at *6 (N.D. Miss. Feb. 19, 2015) (describing problems with

complaints that fail to adequately link factual allegations to claims, and appropriate procedural solutions); *see also Clinton v. Johnson*, 2014 WL 575295, at *2–3 (S.D. Miss. Feb. 11, 2014) (same). Indeed, Loyd's failure to adequately link the causes of action to their factual predicates renders this Court unable to even apply the relevant elements to the facts. As just one example, the Court has no way in which to evaluate the elements of an unjust enrichment claim since Loyd has not even made any allegations that "there is no legal contract" and the Defendants are "in possession of money or property which in good conscience and justice [they] should not retain but should deliver to another." *Miss. State Port Auth. at Gulfport v. Yiport Holding A.S.*, 416 So. 3d 8396 (Miss. 2025) (citations and quotation marks omitted).

While the Court recognizes Loyd's *pro se* status, the reality is that he has been provided an opportunity to file the Amended Complaint [27], yet he has still failed to state a valid claim for relief. And while the Court does not grant the pending Motion [32] as unopposed, Loyd's failure to respond left the Court in this precarious situation of having no explanation for the baseless allegations. Dismissal is appropriate.[2]

*Conclusion*

The Defendants' Motion to Dismiss [32] is GRANTED. All claims are hereby DISMISSED. This CASE is CLOSED.

SO ORDERED, this the 12th day of May, 2026.

/s/ Sharion Aycock
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] The Court need not delve into it but does note that Loyd has also failed to properly effectuate service of process for the reasons the Defendants articulated in their Memorandum [33]. Dismissal on that basis would be appropriate too.

4
